**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

MATTHEW L.,

                Plaintiff,

      v.                                                No. 1:17-CV-672 (CFH)

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

---

**APPEARANCES:**                           **OF COUNSEL**

Matthew L.
Plaintiff pro se

Social Security Administration          DANIELLA M. CALENZO, ESQ.
Office of Regional General Counsel,    Special Assistant U.S. Attorney
Region II
26 Federal Plaza, Rm. 3904
New York, New York 10278
Attorneys for Defendant

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

## MEMORANDUM-DECISION AND ORDER

Plaintiff pro se Matthew L.[1] brings this action pursuant to 42 U.S.C.§ 405(g) seeking review of a decision by the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and for supplemental security income benefits

---

[1] Plaintiff was represented by counsel at the commencement of this action. However, plaintiff advised the Court that he would be proceeding pro se after the passing of his counsel. See Dkt. No. 12.

("SSI"). Dkt. No.1 ("Compl.").[2] Plaintiff moves for a finding of disability, and the Commissioner cross moves for judgment on the pleadings. Dkt. Nos. 9, 16. For the following reasons, the determination of the Commissioner is affirmed.

**I. Background**

Plaintiff graduated from high school, and resides with his three children — aged thirteen, ten, and four, at the time of the July 15, 2016 hearing. T. 42.[3] Plaintiff has worked as welder since 1998 or 1999, and was last employed by Rothe Welding in May 2014. Id. at 43. As a welder, plaintiff would sometimes lift over 100 pounds. Id. at 43-44. Plaintiff's primary physical complaint is difficulty in breathing as the result of surgery he had in 2007. Id. at 44. If he has to walk more than 100 feet, he must stop to catch his breath. Id. Plaintiff also suffers from "very bad" back problems. Id.

On May 27, 2014, plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, as well as a Title XVI application for supplemental security income. See T. 130-42. In both applications plaintiff alleged disability beginning May 2, 2014. See id. Plaintiff's applications were initially denied on September 22, 2014. Id. at 69-85. Plaintiff requested a hearing, and a hearing was held on July 15, 2016 before Administrative Law Judge ("ALJ") Robert Wright. Id. at 39-54, 85, 122. ALJ Wright determined that plaintiff

---

[2] Parties consented to direct review of this matter by a Magistrate Judge pursuant to 28 U.S.C. § 636(c), FED. R. CIV. P. 73, N.D.N.Y. Local Rule 72.2(b), and General Order 18. Dkt. No. 6.

[3] "T." followed by a number refers to the pages of the administrative transcript filed by the Commissioner. Dkt. No. 8. Citations refer to the pagination in the bottom right-hand corner of the administrative transcript, not the pagination generated by CM/ECF.

2

"has not been under a disability within the meaning of the Social Security Act from May 2, 2014 through the date of this decision. Id. at 5. Plaintiff's timely request for review by the Appeals Council was denied, making the ALJ's findings the final determination of the Commissioner. Id. at 20-27. Plaintiff commenced this action on June 21, 2017. See Compl.

## II. Discussion

### A. Standard of Review

In reviewing a final decision of the Commissioner, a district court may not determine de novo whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1388(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. See Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987); Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Substantial evidence is "more than a mere scintilla," meaning that in the record one can find "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir. 2004) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal citations omitted)). The substantial evidence standard is "a very deferential standard of review . . . . [This] means once an ALJ finds facts, we can reject [them] only if a reasonable factfinder *would have to conclude otherwise.*" Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotations marks omitted). Where there is reasonable doubt as to whether the Commissioner applied the proper legal standards, the decision should not be affirmed even though the ultimate conclusion is arguably supported by substantial evidence.

3

See Martone v. Apfel, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999) (citing Johnson, 817 F.2d at 986). However, if the correct legal standards were applied and the ALJ's finding is supported by substantial evidence, such finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citation omitted).

## B. Determination of Disability

"Every individual who is under a disability shall be entitled to a disability . . . benefit . . . ." 42 U.S.C. § 423(a)(1). Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." Id. § 423(d)(1)(A). A medically-determinable impairment is an affliction that is so severe that it renders an individual unable to continue with his or her previous work or any other employment that may be available to him or her based on his or her age, education, and work experience. Id. § 423(d)(2)(A). Such an impairment must be supported by "medically acceptable clinical and laboratory diagnostic techniques." Id. § 423(d)(3). Additionally, the severity of the impairments is "based [upon] objective medical facts, diagnoses or medical opinions inferable from the facts, subjective complaints of pain or disability, and educational background, age, and work experience." Roat v. Barnhart, 717 F. Supp. 2d 241, 247 (N.D.N.Y. 2010) (internal quotation marks and citation omitted).

The Second Circuit employs a five-step analysis, based on 20 C.F.R. § 404.1520, to

4

determine whether an individual is entitled to disability benefits:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.
>
> If he [or she] is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his [or her] physical or mental ability to do basic work activities.
>
> If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him [or her] disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.
>
> Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he [or she] has the residual functional capacity to perform his [or her] past work.
>
> Finally, if the claimant is unable to perform his [or her] past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry, 675 F.2d at 467 (spacing added). The plaintiff bears the initial burden of proof to establish each of the first four steps. See DeChirico v. Callahan, 134 F.3d 1177, 1179-80 (2d Cir. 1998) (citing Berry, 675 F.2d at 467). If the inquiry progress to the fifth step, the burden shifts to the Commissioner to prove that the plaintiff is still able to engage in gainful employment somewhere. Id. at 1180 (citing Berry, 675 F.2d at 467).

**C. ALJ Decision**

5

Applying the five step disability sequential evaluation, the ALJ determined that plaintiff had not engaged in substantial gainful activity since May 2, 2014, the alleged onset date. T. 6. The ALJ found at step two that plaintiff had severe impairments of chronic obstructive pulmonary disease and degenerative disc disease of the lumbar spine. Id. At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P. Appendix 1. Id. at 8. Before reaching step four, the ALJ concluded that plaintiff has the residual functional capacity ("RFC") "to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) within a clean air environment such as found in an office building or shopping mall." Id. At step four, the ALJ determined that plaintiff is unable to perform his past work as a welder as he is no longer able to meet the lifting and carrying requirements of a welding position. Id. at 14. At step five, ALJ found that given plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers that plaintiff can perform. Id. at 14. Thus, the ALJ determined that plaintiff has "not been under disability, as defined in the Social Security Act, from May 2, 2014 through the date of this decision." Id. at 15.

#### D. Arguments

Plaintiff argues that his residual functional capacity as determined by the ALJ is not supported by substantial evidence in the record. Dkt. No. 9 at 3. Specifically, plaintiff argues that in determining his RFC, the ALJ failed to consider that plaintiff's chronic back pain had been present for many years, and had progressively worsened over time. Id. Plaintiff contends

6

that as a result of his back pain, he "would be off task more than 10% of the day thereby eroding and precluding gainful employment." Id. at 4. Conversely, the Commissioner argues that the ALJ properly considered plaintiff's back problems in determining plaintiff's RFC, and that substantial evidence in the record supports the ALJ's decision. See Dkt. No.16 at 6-12.

RFC describes what a claimant is capable of doing despite his or her impairments, considering all relevant evidence, which consists of physical limitations, symptoms, and other limitations beyond the symptoms. See Martone, 70 F. Supp. 2d at 150; 20 C.F.R. §§ 404.1545, 416.945. "In assessing RFC, the ALJ's findings must specify the functions plaintiff is capable of performing; conclusory statements regarding plaintiff's capabilities are not sufficient." Martone, 70 F. Supp. 2d at 150. The ALJ then uses the RFC to determine whether the claimant can perform his or her past relevant work. See New York v. Sullivan, 906 F.2d 910, 913 (2d Cir. 1990); 20 C.F.R. §§ 404.1545, 416.960. If it is determined that a claimant cannot perform past relevant work, "the burden shifts to the Commissioner to determine whether there is other work which the claimant could perform." Tejada v. Apfel, 167 F.3d 770, 774 (2d Cir. 1999).

The ALJ determined that plaintiff had an RFC to perform sedentary work within a clean air environment, such as an office building or shopping mall. T. 8. Sedentary work is defined as:

> [W]ork [that] involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

7

20 C.F.R. § 416.867(a).

Plaintiff contends that in making his RFC determination, the ALJ did not sufficiently consider plaintiff's longstanding back pain that worsened over time. Dkt. No. 9 at 3. Plaintiff argues that "[t]he substantial evidence supports additional limitations in the claimant's residual functional capacity including the need to alternate positions frequently." Id. at 3. Plaintiff points to six specific instances in the medical record that he contends constitute substantial evidence the ALJ erred in failing to include additional limitations, including the need to alternate positions frequently, in determining plaintiff's residual functional capacity. Dkt. No. 9 at 4. Although the undersigned, and the Commissioner, acknowledges that these record citations detail instances of plaintiff's "lower back tenderness," plaintiff has failed to indicate how the ALJ failed to consider or misconstrued these entries. See id.; Dkt. No. 16 at 7. Beyond listing the six entries in the medical record, plaintiff has offered no evidence or argument in support of his position. See generally Dkt. No. 9. To the extent that plaintiff points to evidence in the transcript that reasonably might support a different conclusion in his favor, "whether there is substantial evidence supporting the appellant's view is not the question" on appeal. Bonet ex rel. T.B. v. Colvin, 523 F. App'x. 58, 59 (2d Cir. 2013). The Court agrees with the Commissioner, and finds that the ALJ's assessment of plaintiff's back pain, and subsequent RFC determination, is supported by substantial medical evidence. See Dkt. No. 16 at 7.

In addressing plaintiff's lower back pain, the ALJ assessed plaintiff's appointment with pain management specialist Quentin Phung, M.D.; the ALJ noted, however, that this appointment took place on September 11, 2013 — nearly eight months before the alleged disability onset date. T. 11. Plaintiff informed Dr. Phung that he had received "multiple

8

injections in the past," as well as physical therapy. Id. at 280. Although the clinical examination revealed tenderness in the "lumbar spin palpation," the ALJ acknowledged that "there is no indication that [plaintiff] sought additional pain management treatment" after the September 11, 2013 visit, and "there is no evidence that he sought orthopedic, pain management, or physical therapy due to complaints of low back pain." Id. at 11. The ALJ noted that since the alleged onset date, plaintiff's "treatment for low back pain has consisted exclusively of medication management provided by primary care providers." Id. Plaintiff concedes this fact. Dkt. No. 9 at 3.

Plaintiff met with Dr. Kautilya Puri, a neurologist, for a consultative examination on September 16, 2014. T. 264-67. Based on plaintiff's reported history, pulmonary testing, and his clinical examination, Dr. Puri diagnosed plaintiff with chronic obstructive pulmonary disease/emphysema, low back pain secondary to degenerative disc disease, and bilateral carpal tunnel syndrome. Id. at 266. Dr. Puri recommended that plaintiff not be in an environment which would increase his respiratory complaints or involve repetitive movements. Id. On examination Dr. Puri noted that plaintiff did not appear to be in acute distress. Id. at 265. Plaintiff's gait was normal, and he did not use any assistive devices. Id. Plaintiff could stand on heels and toes, but claimed he cannot walk on them. Id. He did not require assistance in changing for the examination or in getting off and on the exam table. Id. He was able to rise from his chair without difficulty. Id.

Dr. Puri found that plaintiff did not have any objective limitations to fine motor/gross motor activities. T. 266. Plaintiff's cervical spine showed full flexion, extension, and lateral flexion bilaterally. Id. at 265. Plaintiff's lumbar spine showed decreased flexion and extension

9

to 70 degrees, lateral and rotary movement 10 degrees with mild local tenderness. Id. at 266. Dr. Puri found no objective limitations to plaintiff's gait or his activities of daily living. Id. Dr. Puri found mild limitations in "squatting, bending, stooping, kneeling and lifting weight." Id.

Plaintiff treated with Dr. Nikolay Samedov on July 1, 2016 "for [a] routine medical visit." T. 353. Dr. Samedov found that plaintiff's gait was "mildly antalgic," and his lumbar range of motion was decreased. Id. at 354. Dr. Samedov assessed plaintiff with low back pain with radiculopathy affecting the left lower extremity. Plaintiff was given a referral to a spinal specialist. Id.

The Court concludes that the ALJ's RFC determination that plaintiff is able to perform sedentary work is supported by substantial medical evidence. In making his RFC determination, the ALJ concluded that the medical evidence in the record demonstrated that the medical treatment of plaintiff's lower back pain had been "conservative" and "limited to medication management," thereby suggesting "greater sustained capacity than alleged in reports and testimony." T. 13. The results of Dr. Puri's consultative examination are consistent with the medical record as a whole. Dr. Puri's assessment that plaintiff has mild limitations for squatting, bending, stooping, kneeling and lifting weights, and should avoid exposure to respiratory irritants and performing repetitive movements, is consistent with the ALJ's assessment that plaintiff was able to perform sedentary work in a clean air environment. Moreover, the ALJ stated that

> Dr. Puri was able to clinically examine [plaintiff], and his conclusions are supported by the clinical examination findings he recorded, as well as the clinical examination findings documented by other examiners, the X-ray evidence documenting some degenerative changes within the lumbar spine, and the

10

> conservative course of treatment since the alleged onset date for complaints of low back pain, which as noted is limited to the use of medications prescribed by a primary care provider, and which [plaintiff] has repeatedly acknowledged as helpful in controlled in symptomology.

T. 13. As the Commissioner notes, plaintiff did not challenge the ALJ's weighing of opinion evidence, or that he accorded "substantial probative weight" to Dr. Puri's medical assessment. Id.; see Dkt. No. 16 at 8. Moreover, "[i]t is well settled that an ALJ is entitled to rely upon the opinions of both examining and non-examining State agency medical consultants, since such consultants are deemed to be qualified experts in the field of social security disability." Schlichting v. Astrue, 11 F. Supp. 3d 190, 204 (N.D.N.Y. 2012) (citing 20 C.F.R. §§ 404.1512(b)(6), 404.1513(c), 404.1527(f)(2), 416.912(b)(6), 416.913(c), and 416.927(f)(2)). Insofar as plaintiff points to six medical examinations demonstrating some lower back tenderness, the Court finds that the ALJ did not ignore or disregard these examples, and there is no indication that the ALJ "selective [chose] evidence in the record that support[ed] his conclusions." Gecevic v. Sec'y of Health & Human Servs., 882 F. Supp. 278, 286 (E.D.N.Y. 1995) (quoting Fiorello v. Heckler, 725 F.2d 174, 176 (2d Cir. 1983)). As such, the Court finds that the ALJ's determination of the plaintiff's residual functional capacity is supported by substantial medical evidence in the record and, therefore, affirms the ALJ's determination.

### III. Conclusion

**WHEREFORE**, for the reasons stated above, it is hereby:

**ORDERED**, that plaintiff Matthew L.'s motion for judgment on the pleadings (Dkt. No.

11

9) is **DENIED**; and it is further

**ORDERED**, that the Commissioner's motion for judgment on the pleadings (Dkt. No. 16) is **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court serve copies of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: August 9, 2018
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge